IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ABNER CLARK MACKEY,        :
                                 :

              Plaintiff       :

                                 :

        VS.                 :

                                 :

Attorney MOSER, *et al.*,       :     NO. 7:05-cv-70(HL)

                               :

            Defendants    :     **O R D E R**

_____

       Plaintiff **ABNER CLARK MACKEY**, an inmate at Men's State Prison in Hardwick, Georgia, files this *pro se* action seeking relief from a previous judgment of this Court.[1]  Plaintiff alleges that the Court's judgment constituted "extrinsic fraud" and that Middle District Judge C. Ashley Royal and Eleventh Circuit Judge Frank M. Hull, along with other federal employees, "conspired" against plaintiff.  He asks this Court to construe his action as an "independent action" brought pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Plaintiff has not, however, submitted the required filing fee of $250.00 required for civil actions.  *See* 28 U.S.C. § 1914(a) (parties instituting any non-habeas civil actions are required to pay a filing fee of $250.00).  Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

_____

[1]    In 1998, plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983 against twenty-two defendants, in which allege that constitutional violations occurred while he was confined at Valdosta State Prison.  ***Mackey v. Walker***, 7:98-cv-93(CAR).  The Court dismissed the claims against certain defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and later granted summary judgment in favor of the remaining defendants.  A panel of the Eleventh Circuit Court of Appeals affirmed this Court's judgment on August 19, 2003.  ***Mackey v. Flake***., No. 02-17020.

The Prison Litigation Reform Act limits a prisoner's ability to proceed *in forma pauperis* as follows:

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury.  28 U.S.C. § 1915(g).

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.   Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g).  ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff, while incarcerated, has filed more than twenty civil rights or habeas corpus claims with federal courts in the State of Georgia.  At present, at least five of these cases have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: (1) ***Mackey v. Love-Gaines***, 6:04-cv-34(WLS) (M.D. Ga. Sept. 8, 2004); (2) ***Mackey v. State of Georgia***, 5:04-cv-178(WDO) (M.D. Ga. June 29, 2004); (3) ***Mackey v. Garner***, 7:98-cv-112(HL) (M.D. Ga. Aug. 30, 1999); (4) ***Mackey v. Puckett***, 1:99-cv-687-RWS (N.D. Ga. July 12, 1999); and (5) ***Mackey v. Beasley***, 1:98-cv-3457-RWS (N.D. Ga. Dec. 22, 1998).  In addition, plaintiff's appeal in ***Mackey v. Puckett***, Case Number No. 99-12538-F, was dismissed as frivolous by the Eleventh Circuit on or about February 8, 2000.

As plaintiff has six strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section

1915(g).  The Court finds that plaintiff has alleged no facts which might conceivably constitute "imminent danger of serious physical injury."

Because plaintiff has had six prior dismissals and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $250.00 filing fee at the time of filing the complaint.  As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 15th day of July, 2005.



**s/ Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT COURT

cr